UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAFRON HUOT,

        Plaintiff,                                  Hon. Janet T. Neff

v.                                                       Case No. 1:17-CV-631

MONTANA STATE DEPARTMENT
OF CHILD AND FAMILY SERVICES,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on July 12, 2017, against the Montana State Department of Child and Family Services and numerous other entities and individuals. As Plaintiff has been permitted to proceed as a pauper, the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this review, the undersigned recommends that Plaintiff's claims be dismissed for failure to state a claim.

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff's complaint contains no specific factual allegations, but instead merely asserts vague conclusions of improper conduct. As noted above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Likewise, a complaint must allege facts which go beyond "the mere possibility of misconduct." The allegations in Plaintiff's complaint fall well short of this standard. Furthermore, to the extent Plaintiff's complaint is interpreted as asserting specific factual allegations, the result is the same. While not clearly articulated, it is apparent that Plaintiff's complaint concerns her belief that her parental rights were improperly terminated, a state law matter over which this Court cannot exercise jurisdiction. *See, e.g., Baker v.*

*Wayne County Family Independence Agency*, 75 Fed. Appx. 501, 502-03 (6th Cir., Sept. 19, 2003) (where plaintiff asserts in federal court that "the state probate court erred by terminating his parental and visitation rights" the "Rooker-Feldman doctrine prevents federal courts from engaging in such collateral review of state court decisions").

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2). The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 10, 2017
/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge